TOWNSHIP BOARD OF GRANT TOWNSHIP *v.* LARSEN.

HIGHWAYS—FENCES—EMINENT DOMAIN—DAMAGES—NUISANCE.

Act No. 125, Pub. Acts 1913 (1 Comp. Laws 1915, § 4412
*et seq.*), amends the general highway law by providing
that upon the petition of twenty freeholders stating that
when any fence other than a stone or hedge fence by
reason of its construction or otherwise is dangerous, either
of itself or by reason of causing obstruction to the high-
way, it shall be the duty of the highway commissioner to
notify the owner and if he does not remedy the objection-
able condition, to remove or cause it to be removed. On
petition of the required number of freeholders to secure
the removal of stump fences standing along a highway
and upon testimony that they caused the snow in winter
to drift into and fill the highway, *held*, that an allowance
of damages to the owners for requiring removal of their
stump fences was justified by the theory of the statute;
also, that the trial court was right in excluding testimony
tending to show the fences were a harborage for noxious
weeds and interfered with the enjoyment of their property
by others.

Error to Newaygo; Barton, J. Submitted April 10,
1916. (Docket No. 61.) Decided September 26, 1916.

A. C. Watters and others presented to the highway
commissioner of the township of Grant, in Newaygo
county, a petition to remove certain stump fences along
a highway, under authority of Act No. 125, Pub. Acts
1913, 1 Comp. Laws 1915, § 4412. Peter Larsen and
two other respondents appealed to the township board
and from its judgment to the circuit court. Judgment
for appellants. The township of Grant brings error.
Affirmed.

*George W. Clark,* for appellant.

*William J. Branstrom,* for appellees.

PERSON, J.   The court is asked by this appeal to consider certain proceedings taken under the provisions of Act No. 125, Pub. Acts 1913 (1 Comp. Laws 1915, § 4412). That act amends the general highway law of 1909 by adding a new section which reads as follows:

"SEC. 12. Upon the petition of twenty freeholders, residents of the same township, addressed to the highway commissioner of their township, stating that any particular fence other than a stone or hedge fence, along any highway within their township, by reason of its construction or otherwise, is dangerous either of itself or by reason of causing obstruction to the highway, it shall be the duty of said township highway commissioner to notify the owner, or the occupant of the premises whereon said fence is located, to remove the said fence.   Upon the neglect or refusal of the said owner or occupant to remove said fence within thirty days after such notice, it shall be the duty of the highway commissioner to remove or cause to be removed, the said fence, and the expense incurred thereby shall be paid from the general fund of the township, and all costs thereby incurred shall be assessed against the property whereon such fence was located, and shall constitute a tax against said property, to be levied and collected as other township taxes are assessed, levied or collected:   *Provided,* That any owner or occupant of any land who, having received notice to remove any fence, deeming himself aggrieved, shall have the right to appeal to the township board, such appeal to be in writing and served upon the township clerk within ten days of the receipt of said notice.   Upon said appeal it shall be the duty of the township board to carefully determine the facts concerning the removal of said fence, and shall either dismiss or confirm the order of the highway commissioner as to the removal of such fence.   The township board shall award any damage to such owner or occupant for the removal of

such fence, as in its judgment seems just, and such award shall be paid from the general fund of the township. Any person conceiving himself aggrieved by the order, determination or award of the township board, may appeal therefrom to the circuit court of the county in which such township is situated; such appeal to be taken and perfected in the same manner as is provided by law with respect to appeals from justices' courts. The issue shall be as to whether such fence should be removed, and if removed, the damages to which the owner is entitled."

Acting under this section, freeholders to the number of 20 or more petitioned the highway commissioner of the township of Grant, in the county of Newaygo, to cause the removal of certain fences, made of pine stumps, and standing along a highway in that township. The commissioner gave the required notice, and the owners of the fences appealed to the township board. The township board heard the appeal and made an order for the removal of the fences, but refused to allow damages therefor. The owners thereupon took an appeal to the circuit court, where it was determined by the verdict of a jury that the fences did cause a dangerous obstruction to the highway and should be removed. The jury, however, taking a view of the matter somewhat different from that taken by the township board, accompanied the condemnation of the fences by an allowance of damages in favor of the owners to the amount of $97.65. It is because of this allowance of damages that the matter is brought before this court.

Counsel for plaintiff bases his objection to the allowance of damages upon the proposition that every fence coming within the terms of the statute must necessarily be a nuisance, and that the township cannot be required to pay damages for the abatement of a nuisance. Several constitutional provisions are also

referred to which counsel thinks are violated by the allowance of damages under such circumstances.

The correctness of plaintiff's proposition that only such fences come within the statute as are nuisances is, at the least, very questionable. The stump fences which were ordered removed in this instance were held to be dangerous because they caused the snow in winter to drift into and fill up the highway so that it could not be safely traveled, if it could be traveled at all. But the fences themselves were not an obstruction to the highway, and instead of being within the highway stood wholly upon the owner's land. It can easily be remembered that most of the earlier fences in this county caused more or less snow to drift into and block up the highways. The State is now using care to perfect and protect its roads, but in doing so it is doubtful whether fences tolerated by long custom can suddenly be condemned as nuisances. We are not, however, called upon to determine this question in this case for the very good reason that the statute does not attempt to treat such fences as nuisances. It proceeds rather along the theory of eminent domain, and aims to get rid of the obstructions by the payment of compensation. This statute does not do away with nor abridge any of the ordinary methods of proceeding against nuisances, and if it is desired that these fences be treated as nuisances those methods should be followed. When the benefits of this statute are invoked it should be understood that compensation is one of its material provisions which cannot be rejected without destroying the entire statute.

In disposing of this matter we decide only such points as have been raised by appellant. As to other features of the statute, or as to its validity as a whole, we are not called upon to express any opinion.

The trial court was also right in excluding testimony tending to show that the fences were a harborage for

noxious weeds, or that they interfered with the enjoyment by others of their property.    The law was not framed to remedy such matters.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.